**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LAAN LAY CRUICKSHANK,

    Petitioner,

v.                                        CASE NO. 8:03-CV-2712-T-30EAJ
                                                                     8:02-CR-0229-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

This matter comes before the Court upon Petitioner's Notice of Appeal (Dkt. 24) of the April 6, 2005 decision denying her motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 20) and request to proceed on appeal *in forma pauperis*. The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability (Dkt. 25) pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2]

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (B) the final order in proceeding under section 2255. . . . A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

The Court denied Petitioner's claims upon finding that she voluntarily and knowingly waived the right to appeal, directly or collaterally, in her plea agreement, and the claims she raised in her § 2255 motion did not fall within any exception to the appeal waiver (Dkt. 20). Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of her claims debatable or wrong. *See Slack*, 529 U.S. at 484. Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal (Dkt. 24), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 25), is **DENIED**.

2. Petitioner's request to proceed on appeal *in forma pauperis* (Dkt. 24) is **DENIED**.

**DONE and ORDERED in Tampa, Florida on July 15, 2005.**

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record
SA:jsh